■    Rudolph La Vecchia, Respondent, v. Saveria La Vecchia, Appellant.— Judgment, Supreme Court, Bronx County, entered November 16, 1971, after trial, unanimously modified, on the law, the facts and in the exercise of discretion to strike subdivisions (b) and (c) of the second ordering paragraph, to strike the third ordering paragraph in its entirety, and to remand the matter for a hearing as indicated in the memorandum decision of this court filed herein. As so modified, the judgment appealed from is otherwise affirmed, without costs and without disbursements. This is an action for a divorce instituted by the husband pursuant to subdivision (5) of section 170 of the Domestic Relations Law. It is based upon a decree of separation in favor of the defendant against the plaintiff on or about January 6, 1966. The answer was a general denial. A motion during trial to amend the answer to increase the support provided for in the judgment of separation was denied because it was not raised in the pleadings. In view of the circumstances here present and in light of the fact that we are remanding this matter for a hearing devoted to the needs of the defendant for support and maintenance, we grant the application and deem the answer amended to that extent. It satisfactorily appears from the record that defendant was unable to fully defend and protect her interests by reason of her mental condition. The appointment of a guardian ad litem was fully warranted and is approved

(CPLR 1201, 1202). Counsel retained by defendant's family totally failed to co-operate with the guardian ad litem, and failed also at the hearing to defend adequately the interests of defendant. In fact counsel withdrew from the case upon being informed that the court did not feel counsel was entitled to a fee. We conclude, as a result, that such counsel has no standing on this appeal. The guardian ad litem was appointed to protect the interests of defendant. He is directed to be her counsel and to try the case for the defendant. Unfortunately, before another Justice, when counsel retained by the family objected to a trial role by the guardian ad litem, the court apparently agreed with counsel and more or less relegated the guardian to the role of an assistant. The guardian ad litem is an experienced attorney whom we believe to be fully capable of representing the defendant. He is directed to fully examine into the needs of the defendant and, as her attorney and guardian ad litem, to present the facts with respect thereto at the ordered hearing. The court may then make such provision as the court deems warranted (*Kover* v. *Kover*, 29 N Y 2d 408; Domestic Relations Law, § 236). If special circumstances are shown to exist warranting an examination with respect to the plaintiff's financial condition, the aid of the court may be sought with respect thereto. However, as a general proposition we do not favor an order of disclosure. The evidence supports the granting of the decree of divorce to plaintiff. We struck the third ordering paragraph of the judgment for the sole reason that the guardian ad litem, under the directives contained in this decision, has not completed his work. Leave is granted to make application to the court for a single fee embracing services rendered and to be rendered in the hearing directed to be held. It may be noted that the fact that defendant is deemed incapable of protecting her interests, though not an adjudged incompetent, will not bar this proceeding (*Sengstack* v. *Sengstack*, 4 N Y 2d 502, 509), since the guardian ad litem in that capacity and as her appointed counsel is fully empowered to represent her. Concur — Stevens, P. J., McGivern, Steuer, Tilzer and Eager, JJ.